JIM KAHNG, ESQ. (State Bar No. 210277)
LAW OFFICE OF JIM KAHNG
3424 W. Carson St., Suite 440, Torrance, CA 90503
Tel: (310) 214-0555 Mobile: (310) 490-7791 Email: realflight77@gmail.com
Attorney for Petitioner AHYUN LEE

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
RIVERSIDE DIVISION

| | |
|---|---|
| AHYUN LEE,<br>(A# 237-067-285)<br><br>v.<br><br>Petitioner<br><br>Warden, Adelanto ICE Processing Center –East Facility; THOMAS GILES, Dir. ICE ERO Los Angeles; GARLAND, AG; MAYORKAS, Sec DHS; VENTURELLA, Acting Dir. ICE<br><br>Respondents. | Case No.: ____________________<br><br>EMERGENCY VERIFIED PETITION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF [IMMEDIATE ADJUDICATION REQUIRED] [DETENTION MATTER] |

## I. INTRODUCTION

1. Petitioner Ahyun LEE ("Petitioner") is a national of South Korea currently

unlawfully detained by U.S. Immigration and Customs Enforcement ("ICE") at the Adelanto ICE Processing Center – East Facility (Unit E1D).

2. This emergency action challenges Respondents' ongoing, unlawful detention and imminent execution of a summary execution of a Visa Waiver Program ("VWP") removal order (Form I-217).

3. Prior to any enforcement contact, Petitioner interjected a valid, affirmative, concurrent Family Petition (Form I-130) and Application for Adjustment of Status (Form I-485) based on her marriage to her United States Citizen spouse, Jin Joo. Respondents' threat of summary deportation will lawlessly trigger 8 C.F.R. § 245.2(a)(4)(ii)(A), automatically deeming her active adjustment application abandoned, and destroying her vested statutory right to adjustment under the binding precedent of *Freeman v. Gonzales*, 444 F.3d 1031 (9th Cir. 2006).

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 2241 (Habeas Corpus), 28 U.S.C.

§ 1331 (Federal Question), and the Suspension Clause of the U.S. Constitution.

5. Venue is proper in the Central District of California (Riverside Division) under 28 U.S.C. § 1391(e) because Petitioner is physically confined within this judicial district at the Adelanto facility, and her immediate custodian is located here.

## III. PARTIES

6. Petitioner Ahyun LEE is a South Korean national currently incarcerated in Unit E1D of the Adelanto East Facility.

7. Respondent Warden/Facility Director of the Adelanto ICE Processing Center – East Facility is the immediate physical custodian of Petitioner Ahyun LEE. Respondent is sued in their official capacity and is responsible for the daily operation, administration, and physical security of the facility, and currently holds Petitioner in physical custody pursuant to the directives and authority of the United States.

8. Respondent Thomas Giles is the Field Office Director for the ICE ERO Los Angeles Field Office and has overall legal custody over detained individuals at

Adelanto. He is sued in his official capacity.

9. Respondent Merrick Garland is the Attorney General of the United States and is the chief law enforcement officer of the federal government, with ultimate oversight over the administration of immigration courts and removal proceedings. He is sued in his official capacity.

10. Respondent Alejandro Mayorkas is the Secretary of the Department of Homeland Security ("DHS") and is the chief officer responsible for the administration and enforcement of federal immigration laws under 8 U.S.C. § 1103. He is sued in his official capacity.

11. Respondent David J. Venturella is the Acting Director of U.S. Immigration and Customs Enforcement ("ICE") and is responsible for the administration and enforcement of the immigration laws nationwide. He is sued in his official capacity.

## IV. STATEMENT OF FACTS

12. Petitioner entered the United States lawfully under the Visa Waiver Program via a valid passport and Form I-94.

13. On August 10, 2026, Petitioner married Jin Joo, a naturalized United States Citizen.

14. On September 14, 2026—weeks prior to any ICE enforcement contact—Petitioner affirmatively filed a concurrent Form I-130/I-485 adjustment packet with USCIS, which generated official Form I-797C receipts (IOE0938312243 for I-130 and (IOE0938312242 for I-485).

15. On October 11, 2026, Petitioner was intercepted and arrested by ICE at LAX and booked into the Adelanto East Facility.

16. Petitioner had a mandatory USCIS Biometrics appointment scheduled for October 14, 2026. Because of her physical detention, an emergency rescheduling request is currently pending with USCIS.

17. On October 13, 2026, Petitioner's counsel submitted an Emergency Unified

Request for Administrative Parole (8 C.F.R. § 212.5) and an Immediate Temporary Stay of Removal to the Los Angeles Field Office Director and OPLA Adelanto Detained Legal Branch. Respondents have failed to grant relief.

18. Petitioner has zero criminal history, zero prior immigration violations, and her spouse's multi-generational family business network (headquartered at 2851 W. Olympic Blvd., Los Angeles, CA 90006) employs approximately 232 local workers, establishing deep economic and community ties.

## V. CLAIMS FOR RELIEF

### COUNT I: VIOLATION OF THE INA AND NINTH CIRCUIT PRECEDENT

**(Unlawful Stripping of Vested Pre-Enforcement Statutory Rights)**

19. Petitioner incorporates paragraphs 1–18 of this Petition as if fully set forth herein.

20. Because Petitioner's adjustment of status application was an affirmative, pre-

enforcement filing, her right to adjust is explicitly governed and protected by *Freeman v. Gonzales*, 444 F.3d 1031 (9th Cir. 2006). She is not an individual attempting to utilize a defensive, post-custody filing to evade enforcement under *Momeni v. Chertoff*, 521 F.3d 1094 (9th Cir. 2008).

21. This critical temporal distinction is further supported by persuasive sister-circuit authority explicitly differentiating pre-enforcement filing from post-enforcement defensive maneuvers. See Bayo v. Chertoff, 535 F.3d 749 (7th Circuit 2008) (distinguishing between VWP status adjusters based on whether their application were initiated prior to or after the violation of enforcement protocols).

22. Executing a summary removal under Form I-217 violates the INA by forcing the automatic abandonment of a validly processing adjustment track over which USCIS has primary jurisdiction.

**COUNT II: VIOLATION OF FIFTH AMENDMENT DUE PROCESS**

**(Arbitrary Detention and Deprivation of Procedural Rights)**

23. Petitioner incorporates paragraphs1 through 22 of this Petition as if fully set forth herein.

24. Summary removal and continued detention that completely bypasses her active statutory path and splits a valid American marriage without a neutral administrative hearing violates Petitioner's substantive and procedural due process rights under the Fifth Amendment.

25. As recognized by both the Ninth Circuit and persuasive sister-circuit authority, executing a summary VWP waiver against an individual who invoked their statutory adjustment rights prior to enforcement contact operates an arbitrary and fundamentally unfair deprivation of a vested interest. *See Bayo v. Chertoff*, 535 F.3d 749 (7th Cir. 2008); *Freeman v. Gonzales*, 444 F.3d 1031(9th Cir. 2006). By failing to provide a neutral forum to evaluate her pending adjustment before destroying it via deportation, Respondents are violating the basic guarantees of procedural due process.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Petitioner respectfully requests that this Court:

a) Assume jurisdiction over this matter;

b) Issue a Writ of Habeas Corpus ordering her immediate release from physical detention on administrative parole or reasonable alternatives to detention (ATD);

c) Issue an order enjoining Respondents from executing any VWP summary removal order or removing Petitioner from the United States pending the adjudication of her Form I-485;

d) Award reasonable attorney's fees under the Equal Access to Justice Act (EAJA).

Dated: October 19, 2026

Respectfully submitted,

By: /s/Jim Kahng

JIM KAHNG, ESQ.

Counsel for Petitioner

# VERIFICATION

I, JIN JOO, declare under penalty of perjury as follows:

1. I am the spouse of the Petitioner, Ahyun LEE, who is currently detained by U.S. Immigration and Customs Enforcement at the Adelanto ICE Processing Center. I make this verification on her behalf because she is physically confined and unavailable to sign.

2. I have read the foregoing Emergency Verified Petition for a Writ of Habeas Corpus and know the contents thereof. The facts stated therein are true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 16th day of October, 2026, at Los Angeles, California.

JIN JOO
Declarant / Spouse of Petitioner